IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| THOMAS JAMES YATES. #1239172 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-646 |
| § | |
| DOUG DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION. § | |

**REPORT AND RECOMMENDATION**

Before the Court is the application of Thomas James Yates for the issuance of a writ of habeas corpus. Yates challenges disciplinary case No. 20050072683, in which he was found guilty of fighting with another inmate. Yates' punishment consisted of a loss of thirty days commissary privileges; fifteen days solitary confinement; and thirty days lost good time. Having reviewed Yates' Petition and a complete copy of the disciplinary record provided by the office of Attorney General for the State of Texas via a *Martinez* report, (and incorporated by reference herein), this Court now makes the following recommendation to the District Judge.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In this case, Petitioner alleges that his rights to due process were violated in association with the above-state disciplinary proceeding because (1) he was not given twenty-four hours notice prior to the hearing; (2) he was denied effective assistance of substitute counsel; and, (3) he was denied the "right of appeal."

The charging officer reports that on November 8, 2004, Yates and the inmate with whom he allegedly fought in the dayroom, Eastland, presented with minor injuries[1] requiring nothing more than minimal first aid treatment. Eastland states that he struck Yates in self-defense after Yates hit him with his crutch. Yates denies hitting Eastland with his crutch, stating that he "only defended himself." Witness testimony from inmates present at the time reveals that Yates and Eastland did argue and did engage in a minor fight.

A temporary loss of commissary privileges and a brief stint in solitary confinement do not pose atypical or significant hardships beyond the ordinary incidents of prison life. They merely constitute minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997).

A loss of good time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered a habeas corpus attack. *See* TEX.CODE.CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.* 37 F.3d 166, 168 (5th Cir. 1994). In this case, however, a review of Petitioner's disciplinary records reveals that all due process requirements were completely met.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time

---

[1] Yates: small scratch below his right eye.
Eastland: whelp in the shape of a pole on his right arm.

credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567. When reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982)(citing *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. In other words, if there are "some facts" or "any evidence at all" that support the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). As noted by the Fifth Circuit in *Reeves v. Pettcox*, 19 F.3d 1060, 1062, n.1 (1994), the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is *no evidence, whatsoever*, to support the decision of the prison officials. A *de novo* factual review is not required. *Smith,* 659 F.2d at 545; *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984).

Contrary to Yates' allegation that he did not receive twenty-four hour notice of the disciplinary hearing, disciplinary records reflect that Petitioner received notification of the hearing on November 9, 2004, seven days prior to the hearing conducted on November 16, 2004. At least two inmates present at the disciplinary hearing testified that they observed Yates and Eastland fighting in the dayroom on November 8, 2004. With respect to Yates' assertion that he was denied the right to appeal, this claim is baseless. The Affidavit of Gwen Kay Stanford, custodian of the Offender Grievance Reocrds for the Texas Department of Criminal Justice, states that no grievance records on Yates were on file relating to the disciplinary case at bar. While it appears that Petitioner failed to exhaust the administrative grievance process (although he asserts that his grievances were "lost"), this Court bases its Report and Recommendation solely on the merits of the case.

The disciplinary hearing officer based his finding of guilt on the charging officer's written report and eyewitness testimony. Due process was satisfied in that the findings made in the disciplinary hearing were supported by more than "some evidence." *Hill*, 472 U.S. at 457. The Supreme Court has recognized that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* In this instance, the conclusion of the disciplinary committee is supported by the evidence.

Official TDCJ-ID records are entitled to a presumption of regularity and must be accorded great evidentiary weight. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918 (1975); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *Bonrillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir. 1986). 28 U.S.C. §2254(d) mandates that the findings made by the state court system shall be "presumed to be correct," unless the habeas court concludes that the relevant state court determination is not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550 (1981). The findings may be found through an evidentiary hearing, or may be based on a

"written finding, written opinion, or other reliable and adequate written indicia," *Buxton v. Lynaugh*, 879 F.2d 140 (5th Cir. 1989), *cert. denied,* 497 U.S. 1032 (1990), where, as in the instant case, the habeas applicant and the State or its agent are parties to the proceeding.

Presuming the factual correctness of the record, this Court is of the opinion that the disciplinary proceeding made the basis of this suit afforded Yates the due process to which he was entitled, consistent with the requirements of due process in the prison context. *See Wolf*, 418 U.S. at 563-66; *Banuelos*, 41 F.3d at 234. The finding of guilt is supported by more than some evidence in the record; thus, the Court must uphold the administrative decision.

Accordingly, for all the aforementioned reasons, it is the **RECOMMENDATION** of this Court that the application for writ of habeas corpus of Thomas James Yates be **DENIED** and this case be **DISMISSED, with prejudice**.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner, who shall have until **February 21, 2005,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at P.O. Drawer 2300</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this      2nd      day of February, 2006.

John R. Froeschner
United States Magistrate Judge